990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dariusz Piotr MENKARSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70758.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 22, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dariusz Menkarski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) decision denying his applications for asylum and withholding of deportation and finding him deportable as charged. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). Factual findings underlying this decision, including whether the alien has proved a well founded fear of persecution, are reviewed for substantial evidence. Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992). Under the substantial evidence standard, we must determine whether, based on the evidence presented, the BIA's conclusion was substantially reasonable. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 II
 
 5
 Denial of Asylum/Withholding of Deportation
 
 
 6
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (Act), authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 7
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723 at 727.
 
 
 8
 We agree that Menkarski has failed to establish statutory eligibility for asylum. Menkarski's request for asylum is based on his activities on behalf of the Solidarity organization and on his belief that he has been targeted for surveillance by the KGB. Although Menkarski has demonstrated a subjective fear of persecution, there is substantial evidence in the record to support the BIA's conclusion that he has failed to demonstrate that his fear is objectively reasonable. See Berroteran-Melendez, 955 F.2d at 1256.
 
 
 9
 Because Menkarski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 III
 Due Process
 
 10
 Menkarski contends that he was denied due process because (1) the IJ served as both a prosecutor and an investigator at his deportation hearing, (2) the IJ predetermined the results of the hearing and decided the case based on political considerations rather than on an individual basis, (3) the government failed to provide him with an attorney at its own expense. We address each contention in turn.
 
 A. IJ as Prosecutor and Investigator
 
 11
 Menkarski argues that the focus of the IJ's questioning and the IJ's failure to ask certain questions indicates that the IJ acted as a prosecutor. The BIA found the IJ's questioning appropriate under 8 C.F.R. § 242.17(c)(4)(iii).
 
 
 12
 Section 1252(b) specifically provides that the IJ shall "administer oaths, present and receive evidence, interrogate, examine and cross-examine the alien or witnesses ... [and] make determinations, including orders of deportation." 8 U.S.C. § 1252(b); LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977) (fifth amendment right to due process is not violated by IJ's multiple roles in deportation proceeding).
 
 
 13
 Upon review of the administrative record, we are satisfied that the IJ acted well within his role as defined by section 1252(b), and did not violate Menkarski's right to due process. See 8 U.S.C. § 1252(b); LeTourneur, 538 F.2d at 1370.
 
 B. Predetermination of Results of Hearing
 
 14
 Menkarski argues that the types of questions the IJ posed to him indicates that the IJ predetermined the outcome of the hearing before the hearing date. He also argues that the IJ has a "policy" of denying requests for asylum in a "blanket fashion" without regard to the individual merits of the case. The BIA found that there was no evidence in the record indicating bias on the part of the IJ.
 
 
 15
 In a deportation proceeding, an alien is entitled to due process under the fifth amendment. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). Due process is satisfied by a full and fair hearing. See id.; Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 16
 Here, Menkarski was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51. The IJ's and BIA's decisions reflect that the denial of Menkarski's application was based on the individual merits of his claim and not on a predetermined result or policy. Accordingly, we find no merit in Menkarski's contention that his application was not considered on its individual merit. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51; see also Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed circumstances in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).
 
 
 17
 C. Failure of Government to Provide an Attorney
 
 
 18
 Menkarski argues that he was unable to retain an attorney that he could afford, and that the government's failure to provide him with an attorney at government expense prevented him from receiving a fair hearing. The BIA found that the government was under no obligation to provide Menkarski with an attorney.
 
 
 19
 "An alien is entitled to due process under the Fifth Amendment in his deportation hearing." Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985). This right to due process entitles aliens to be represented at their deportation hearings by counsel of their choice obtained at their own expense. Acewicz, No. 91-70257, slip op. at 980; see also 8 U.S.C. § 1362; 8 U.S.C. § 1252(b)(2). Aliens, however, have no right to appointed counsel. Acewicz, No, 91-70257, slip op. at 980.
 
 
 20
 To ensure that an alien understands his right to counsel, the IJ must, pursuant to federal regulation, (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation hearing is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs. 8 C.F.R. § 242.16(a).
 
 
 21
 Here, Menkarski was properly apprised of his right to representation by the IJ and chose to proceed without counsel. There is no indication in the record that Menkarski did not understand his right to representation or that his waiver of that right was involuntary. Furthermore, the government was under no obligation to provide counsel for Menkarski at its own expense. See Acewicz, No. 91-70257, slip op. at 980-81.[2]
 
 
 22
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Menkarski refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Menkarski we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 We deny Menkarski's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")