990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wlodzimierz CHMIELEWSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70133.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wlodzimierz Chmielewski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Chmielewski deportable as charged and denying Chmielewski's application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual determinations, including the determination that an alien has failed to prove a well-founded fear of persecution, under the substantial evidence standard. Id. Under this standard, we reverse the BIA "only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. We review de novo the BIA's determination of purely legal questions. Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992).
 
 
 4
 * Denial of Asylum/Withholding of Deportation
 
 
 5
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) ("Act"), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 7
 An applicant may base his claim of persecution on "a probability of deliberate imposition of substantial economic disadvantage ... for reasons of race, religion, or political opinion." Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969); see also Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988). A claim for asylum based on economic hardship "depends on something more than generalized economic disadvantage at the destination." Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982). The applicant has the burden of establishing eligibility for asylum. 8 C.F.R. § 208.13(a).
 
 
 8
 Here, the BIA properly imposed the burden of proof on Chmielewski. See Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). Nevertheless, Chmielewski failed to meet the burden. Chmielewski testified that he was arrested and detained for 72 hours on two occasions between 1983 and 1984 following his participation in Solidarity street demonstrations. Also, following Chmielewski's arrival in the United States in 1990, his wife lost her job and had trouble enrolling their daughter in a state-sponsored nursery school. Nevertheless, Chmielewski failed to offer evidence demonstrating that such actions were taken because of his political beliefs. Thus, substantial evidence supports the BIA's conclusion that Chmielewski failed to meet his burden of demonstrating a well-founded fear of persecution. See Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991).
 
 
 9
 Moreover, we agree with the BIA that Chmielewski's economic claims were insufficient to establish statutory eligibility for asylum. Chmielewski's request for asylum was based in part on his claim that he suffered employment difficulties as a result of his participation in Solidarity. Chmielewski testified that, because of his political beliefs, he had to wait up to nine months to be assigned to fishing cruises. Nevertheless, Chmielewski went on fishing cruises approximately once a year and traveled to the United States in 1984 and 1990. Thus, the BIA properly held that the evidence presented did not establish the type of economic harm required to support a claim for asylum. See Kovac, 407 F.2d at 107.
 
 
 10
 Furthermore, because Chmielewski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of a clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 II
 Due Process
 A. Evaluation of Chmielewski's Application
 
 11
 Chmielewski contends the BIA erred by deciding his asylum application based on political considerations rather than on an individual basis.[1] Chmielewski contends there is a government policy of denying all Polish applications filed after September 11, 1989 due to alleged changed political conditions in Poland. This contention lacks merit.
 
 
 12
 The Fifth Amendment guarantees aliens due process in deportation proceedings. Barraza Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990). In a deportation hearing, an alien's right to due process is satisfied only by a "full and fair hearing." Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 13
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of the effect of the changes on a petitioner's fear of persecution. See Acewicz, No. 91-70257, slip op. at 978.[2] Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992).
 
 
 14
 Here, Chmielewski was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). Chmielewski had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government. Moreover, both the IJ's and the BIA's decisions reflect that the denial of Chmielewski's application was based on the individual merits of Chmielewski's claim. Accordingly, we find no merit in Chmielewski's contention that his application was not considered on an individual basis. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51; see also Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed circumstances in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" (quotations omitted)).
 
 B. Evidence
 
 15
 To prevail on a due process claim, an alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979), cert. denied, 449 U.S. 828 (1980). Chmielewski has failed to show how the IJ's and BIA's alleged misinterpretation of evidence Chmielewski presented at the hearing affected the outcome of the proceedings. Thus, his due process claims fail. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 C. BIA's Review
 
 16
 Chmielewski's contention that the BIA violated his due process rights by reviewing de novo the IJ's findings also fails. "[T]he BIA has the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Thus, the BIA's de novo review of the record did not violate Chmielewski's due process rights. See id.
 
 PETITION FOR REVIEW DENIED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chmielewski also refers to alleged errors committed by the IJ. Our review is limited to the decision of the BIA. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Chmielewski we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 Accordingly, we reject Chmielewski's contention that the BIA erred by relying on Kubon v. INS, 913 F.2d 386 (7th Cir.1990) and Kaczmarczyk v. INS, 933 F.2d 588 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991)
 
 
 [3]
 We deny Chmielewski's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")