990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Waldemar MALINOWSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70556.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Waldemar Malinowski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) denial of his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence test. Id. We review de novo the BIA's determination on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 
 4
 * Asylum/Withholding of Deportation
 
 
 5
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir, 840 F.2d at 727 (quotations omitted).
 
 
 7
 Past persecution, independent of a well-founded fear of future persecution, is sufficient to establish eligibility for asylum. Desir, 840 F.2d at 729. "The BIA may grant asylum for humanitarian reasons, where an applicant or his family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz, No. 91-70257, slip op. at 979 (quotations omitted).
 
 
 8
 In assessing the reasonableness of the alien's fear of persecution, the BIA may take administrative notice of changed political conditions within the applicant's native country and of the effect of those changes on the applicant's fear of persecution. Acewicz, No. 91-70257, slip op. at 977. Due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992).
 
 
 9
 An alien is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). The "clear probability" standard applicable to withholding of deportation is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an alien who fails to meet the "well-founded fear" standard required for asylum also fails to meet the "clear probability" standard required for withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 10
 Here, Malinowski's request for asylum is based in part upon his fear that he will be persecuted for his membership in Solidarity if he returns to Poland. Malinowski alleges he was arrested and beaten on three occasions by the Polish authorities for political activity relating to his membership in Solidarity. He also alleges the authorities threatened him after the third arrest that he would go to prison and never work again in Poland if he participated in further Solidarity activities. Malinowski further alleges that since he left Poland, his brother, an active member of Solidarity, was murdered, and the authorities have visited Malinowski's home to ask his wife of his whereabouts.
 
 
 11
 Substantial evidence supports the BIA's determination that Malinowski has not shown a well-founded fear of persecution. The alleged persecution took place before the government changed.[1] See Acewicz, No. 91-70257, slip op. at 974-78. Further, the record shows that Malinowski had an opportunity to rebut the facts noticed by the BIA.[2] See Castillo-Villagra, 972 F.2d at 1029. Thus, Malinowski was not denied due process, see Acewicz No. 91-70257, slip op. at 978, and the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Malinowski's fear of persecution. See id. We therefore agree with the BIA that Malinowski has failed to establish statutory eligibility for asylum.
 
 
 12
 Furthermore, Malinowski has not suffered atrocities that would justify relief on humanitarian grounds. See Matter of Chen, Int.Dec. 3104 at 4 (BIA1989). Accordingly, the BIA did not abuse its discretion by denying Malinowski relief on humanitarian grounds.
 
 
 13
 Finally, Malinowski is not entitled to withholding of deportation. He cannot demonstrate a clear probability of persecution if he cannot establish a well-founded fear of persecution. See Berroteran-Melendez, 955 F.2d at 1258.
 
 II
 Due Process Violations
 
 14
 In a deportation proceeding, an alien is entitled to due process under the Fifth Amendment. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). Due process is satisfied by a full and fair hearing. See id.; Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985). To prevail on a due process claim an alien must show that any alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986); Cuadras, 910 F.2d at 573.
 
 A. Summary Denial
 
 15
 Malinowski contends the BIA erred by deciding his case based upon political considerations rather than on an individual basis.[3] He refers to the BIA's taking administrative notice of political changes that have occurred in Poland since 1989, specifically, the incorporation of the Solidarity Organization as part of the coalition government in Poland and the election of Lech Walesa, former chairman of Solidarity, to the presidency on December 9, 1990. Although Malinowski does not dispute the propriety of the BIA's taking administrative notice of the political changes in Poland, Malinowski alleges the IJ relied on those changes to summarily deny all Polish asylum petitions.
 
 
 16
 Here, Malinowski was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51. In its decision, the BIA specifically stated: "after careful review of the entire record, we find insufficient basis to support the respondent's contention that he has a well-founded fear of persecution on account of one of the five grounds enumerated in section 208(a) of the Act." Accordingly, we find no merit in Malinowski's contention that his application was not considered on its individual merit.[4] See Sarvia-Quintanilla, 767 F.2d at 1392; see also Acewicz, No. 91-70257, slip op. at 978.
 
 B. Failure to Consider Evidence
 
 17
 Malinowski contends he was denied due process because the IJ and the BIA failed to consider evidence sufficient to sustain a grant of political asylum. Specifically, petitioner contends the IJ and the BIA failed to take into account that the Polish authorities had threatened him that he would never be able to work in Poland again if he kept up his political activities. This contention lacks merit.
 
 
 18
 Testimony or other evidence of a direct, specific threat, may be sufficient to sustain the granting of political asylum if it is credible and supported by other evidence that the threat should be taken seriously. Mendoza Perez v. INS, 902 F.2d 760, 762 (9th Cir.1990).
 
 
 19
 Here, however, despite Malinowski's contention to the contrary, both the IJ and the BIA considered the alleged threat and determined it did not satisfy the requirements for asylum eligibility.[5] Thus, Malinowski was not deprived of due process on this ground. See Cuadras, 910 F.2d at 573.
 
 C. Inadequate Translation
 
 20
 Malinowski also contends he was denied due process because the translation services at his deportation hearing were inadequate. This contention lacks merit.
 
 
 21
 In order to show that the translation services provided to him by the courts violated due process, Malinowski would have to show that "a better translation would have made a difference in the outcome of the hearing." See Acewicz, No. 91-70257, slip op. at 982.
 
 
 22
 Malinowski cites two instances in the transcript of the deportation hearing where his answers to the IJ's questions are unclear. He does not, however, demonstrate how the alleged incorrect or incomplete translation prevented him from fairly presenting his case. See id. Nor has he shown that a better translation would have altered the outcome of the proceedings. See id. Accordingly, because Malinowski has failed to demonstrate prejudice, his due process claim fails. See id.
 
 D. Right to Counsel
 
 23
 Malinowski contends his case should be remanded to the IJ because the court's failure to provide him with appointed counsel deprived him of due process. This contention lacks merit.
 
 
 24
 This Court has repeatedly held that aliens at deportation hearings do not have the right to counsel appointed at government expense. See, e.g., Acewicz, No. 91-70257, slip op. at 980. They do, however, have the right to be represented by counsel at their own expense. See id.; 8 U.S.C. § 1252(b)(2). It is the responsibility of the IJ to ensure that the alien understands this right. 8 C.F.R. § 242.16(a); Acewicz, No. 91-70257, slip op. at 980. In order to show that due process has been violated, however, an alien alleging that he was deprived of his right to counsel must show he was prejudiced by the error. Acewicz, No. 91-70257, slip op. at 981. An alien must establish that counsel "could have better marshalled specific facts or arguments in presenting the petitioner's case for asylum or withholding of deportation." Id. (quotations omitted).
 
 
 25
 Here, Malinowski maintains that the list of legal services was inadequate and that, without a government appointed attorney, he was unable to properly present his case to the IJ.[6] Malinowski was informed of his right to counsel at the hearing before the IJ, and he opted to move forward without counsel. He did not argue before the IJ that the list of legal services was inadequate. More importantly, Malinowski is unable to show that he was prejudiced by the absence of counsel. Although he alleges he did not understand the "significance" of the proceedings, he does not allege he was unable to understand the proceedings themselves. See id. In addition, Malinowski was unable to show any way in which counsel might have been able to marshal the facts to obtain a different result. See id. Thus, Malinowski has failed to show a due process violation. See id.[7]
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Malinowski contends the government improperly assigned him the burden of proof in establishing his asylum claim. This contention lacks merit. The alien has the burden of establishing eligibility for asylum. 8 C.F.R. § 208.13(a); Acewicz, No. 91-70257, slip op. at 979
 
 
 [2]
 In response to the IJ's questions regarding the changes in Poland's government, Malinowski testified that he did not believe that Solidarity was truly leading the country because the Communists had been in control for forty years and because Communists remain in the country
 
 
 [3]
 In his brief, Malinowski repeatedly refers to errors allegedly committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, to the extent the BIA addressed the arguments raised by Malinowski, we will treat them as though they were directed at the BIA's decision
 
 
 [4]
 Malinowski asks this court to take judicial notice that the INS District Director in Alaska has not granted a Polish alien's application for asylum since 1989. We decline to do so
 
 
 [5]
 The BIA relied on petitioner's testimony that he worked for Solidarity for two years after he received that threat, and was nevertheless able to obtain a government job in 1987
 
 
 [6]
 Specifically, Malinowski asserts that, without counsel, he did not understand the "significance" of the deportation hearing, and he could not testify fully because, "he did not have anyone to elicit the facts from him." Further, he argues that an attorney would have submitted a letter he submitted as evidence in English, rather than in Polish, as petitioner submitted it, and would have allowed him "a meaningful right to cross-examination."
 
 
 [7]
 We deny Malinowski's request for attorney fees pursuant to the Equal Access to Justice Act. See Ardestani v. INS, 112 S.Ct. 515, 520 (1991)