Luis Alberto MONTOYA–
ULLOA, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 94–70535.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1996.

Decided March 26, 1996.

Milton Dan Kramer, Kramer & Miyashita, San Francisco, California, for petitioner.

Charles E. Pazar and Karen Ann Hunold, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: LAY *, GOODWIN, and PREGERSON, Circuit Judges.

GOODWIN, Circuit Judge:

Luis Alberto Montoya–Ulloa, a Nicaraguan national, appeals the decision of the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum and withholding of deportation. Montoya argues, *inter alia*, that the evidence compels the con-

clusion that the Sandinistas persecuted him on account of his political opinion.

■ An alien seeking asylum based on past persecution must show that he was harmed on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See, e.g., Desir v. Ilchert*, 840 F.2d 723, 727 (9th Cir.1988); 8 U.S.C. § 1101(a)(42)(A). We review the decision of the BIA for substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The substantial evidence standard "requires that the BIA's conclusion, based on the evidence presented, be substantially reasonable." *De Valle v. INS*, 901 F.2d 787, 790 (9th Cir. 1990).

■ The record establishes that Montoya was harassed, threatened and beaten by the Sandinista Youth, a group that was recognized and sponsored by the Sandinista government, for his political opinion as expressed through his activities with the Independent Liberal Youth, a group openly opposed to the Sandinistas.[1] Although Montoya was the victim of violence on account of his political opinion, the immigration judge and the BIA concluded that he was not persecuted within the meaning of the Immigration and Nationality Act. This conclusion is not consistent with this Court's prior interpretations of persecution. *See, e.g., Sagermark v. INS*, 767 F.2d 645, 649 (9th Cir.1985)(defining persecution as the "infliction of suffering or harm upon those who differ ... in a way regarded as offensive."), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). It is not possible to characterize Montoya's beating as an inoffensive infliction of suffering or harm. Therefore, we reverse the decision of the BIA and remand for further proceedings. The attorney general should determine in the exercise of discretion, whether to grant asylum to Montoya. 8 U.S.C. § 1158(a).

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

1. For the purpose of defining persecution under the Immigration and Nationality Act, there is no distinction between the direct actions of the government and the actions of a group that is recognized and sponsored by the government.

In addition, due to the nature of the violence and threats directed at Montoya, i.e. his being placed on a "blacklist", we find that Montoya has established a clear probability of persecution on account of his political opinion. Therefore, Montoya is entitled to withholding of deportation. *See INS v. Stevic,* 467 U.S. 407, 429–430, 104 S.Ct. 2489, 2501, 81 L.Ed.2d 321 (1984).

REVERSED and REMANDED.

Petitioner is entitled to his costs on appeal.