87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos FLORES-YEFFEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70051.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Flores-Yeffel ("Flores-Yeffel"), a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying his application for asylum under section 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and grant the petition.
 
 
 3
 We review the factual determinations underlying the BIA's decision for "substantial evidence" and the BIA's decision should not be reversed absent compelling evidence of persecution. Kotasz v. INS, 31 F.3d 847, 851 (9th Cir.1994). Questions of law are reviewed de novo. Id. We review the taking of administrative notice for abuse of discretion. Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir.1992).
 
 
 4
 Flores-Yeffel contends that the BIA erred by finding that he did not establish past persecution or a well-founded fear of persecution on account of political opinion. This contention has merit.
 
 
 5
 To establish eligibility for asylum, an applicant must demonstrate that he or she has suffered past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). To establish a well-founded fear of persecution, the petitioner bears the burden of showing both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective component requires "credible, direct, and specific evidence" of facts showing a reasonable fear of persecution on account of one of the enumerated grounds. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (internal quotations & citation omitted).
 
 
 6
 Here, Flores-Yeffel credibly testified that he was attacked, harassed, threatened and beaten by the Juventud Sandinista (Sandinista Youth "JS") from 1981 to 1983 for his political opinion as expressed by his refusal to participate in the JS and his involvement with the Movimiento Democratica de Nicaragua (Nicaraguan Democratic Movement "MDN"). Although Flores-Yeffel was the victim of violence on account of his anti-Sandinista political opinion, the BIA concluded that he was not persecuted because the ill-treatment was not perpetrated by the government, but by youths supporting the government. This court has recently held, however, that persecution by a group that is recognized and sponsored by the government can establish eligibility for asylum. See Montoya-Ulloa v. INS, 79 F.3d 930, 931 & n. 1 (9th Cir.1996) (finding that the Sandinista Youth was a group recognized and sponsored by the Sandinista government). Accordingly, the BIA erred by finding that Flores-Yeffel could not establish past persecution. See id.
 
 
 7
 As an alternate ground for denial, the BIA concluded that Flores-Yeffel had failed to meet his burden of demonstrating country-wide persecution. Because he has shown past persecution, however, the BIA erred by requiring Flores-Yeffel to show a threat of country-wide persecution. See Singh v. Ilchert, 63 F.3d 1501, 1510-11 (9th Cir.1995) (stating that country-wide persecution not necessary when past persecution is found).
 
 
 8
 Flores-Yeffel contends that the BIA abused its discretion by taking administrative notice of changed country conditions in Nicaragua. This contention has merit.
 
 
 9
 This court has recently explained the nature of the BIA's discretionary authority to take administrative notice of facts outside the record. See Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994). The BIA "need not notify applicants before considering events that occurred before the deportation hearing and that were presented and argued before the IJ during the deportation hearing." Id. (citations & emphasis omitted). The BIA need not provide the petitioner an opportunity to rebut facts which are "legislative, indisputable, and general." Acewicz, 984 F.2d at 1060 (internal quotations & citation omitted). However, "taking administrative notice of post-hearing debatable adjudicative facts without warning and an opportunity to offer rebuttal denies due process of law." Gonzalez v. INS, No. 94-70881, slip op. 5303, 5320 (9th Cir. May 3, 1996).
 
 
 10
 Here, the BIA took notice that a coalition government succeeded the Sandinista party on April 25, 1990. The BIA also noticed that although the Sandinistas continue to operate the military and police with substantial autonomy, and that there is continued civil strife, the elected government has continued for over four years. The BIA further noted that given that the Sandinista party no longer governed, Flores-Yeffel did not have a well-founded fear of persecution.
 
 
 11
 The BIA's determination that the change of government dissipated the likelihood of persecution was made without giving Flores-Yeffel notice and an opportunity to be heard on whether those changes eliminated the danger to him. See id. Accordingly, the BIA erred by not giving Flores-Yeffel notice and an opportunity to be heard regarding the post-hearing debatable adjudicative facts. See id.
 
 
 12
 Because we grant the petition for review and remand for further consideration, we deny Flores-Yeffel's motion to hold the case in abeyance as moot.
 
 
 13
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Flores-Yeffel does not challenge the BIA's denial of his request for withholding of deportation