91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonardo Jose MOLINA-MORENA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70023.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided July 8, 1996.
 
 Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 INTRODUCTION
 
 2
 Leonardo Jose Molina-Morena, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an Immigration Judge's (IJ) order finding him deportable and denying his application for asylum and withholding of deportation. We grant Molina's petition for review and his request for withholding of deportation.
 
 DISCUSSION
 A. Asylum
 
 3
 The INA gives the Attorney General discretion to grant asylum to an alien who is a refugee. 8 U.S.C. § 1158(a). In order to qualify as a refugee under the INA, an applicant for asylum must demonstrate either (1) past persecution, or (2) "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc); Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (per curiam). The burden is on the applicant to demonstrate that he satisfies the "refugee" requirements. Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995).
 
 1. Past Persecution
 
 4
 "An alien seeking asylum based on past persecution must show that he was harmed on account of his race, religion, nationality, membership in a particular social group, or political opinion." Montoya-Ulloa v. INS, 79 F.3d 930, 931 (9th Cir.1996); 8 U.S.C. § 1101(a)(42)(A). The "on account of" language in § 1101 requires that an applicant for asylum present, either directly or circumstantially, some evidence of the alleged persecutors' motive. Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816-17, 117 L.Ed.2d 38 (1992)). An alien's "testimony, if unrefuted and credible, is sufficient to establish the fact that a threat was made," and he is therefore not required to present corroborating evidence. Lopez-Reyes v. INS, 79 F.3d 908, 912 (9th Cir.1996); see also Gomez-Saballos v. INS, 79 F.3d 912, 916 (9th Cir.1996) (burden too great on alien to produce documentary evidence from country of persecution); Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984) (same); but see Matter of Dass, Interim Decision 3122 at 6-8 (BIA 1989) (general rule is that evidence should be presented if available).
 
 
 5
 Molina presented evidence that he was a member of the anti-Sandinista Contra political movement. He also testified that in Nicaragua he was beaten and threatened by the Sandinista Youth organization. Moreover, his family was threatened and the Sandinistas came looking for him and broke into his home, but he hid and escaped. His evidence regarding his affiliation with the Contras, the past threats and the beating was not refuted by the INS. In addition, neither the IJ nor the BIA indicated that his testimony was not credible in that respect.
 
 
 6
 Molina's evidence is sufficient to compel a reasonable factfinder to decide that he suffered past persecution. See Montoya-Ulloa, 79 F.3d at 931; cf. Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). Thus, the BIA's determination that Molina failed to demonstrate past persecution cannot be sustained. That alone would not lead to relief if conditions have changed. Here, however, it does glissade into the future persecution issue.
 
 2. Future Persecution
 
 7
 Aside from past persecution, an alien may qualify as a refugee if he demonstrates a well-founded fear of future persecution if he returns to his country. Singh, 69 F.3d at 378. A "well-founded fear" must be both objectively and subjectively reasonable. Fisher, 79 F.3d at 960; Singh, 69 F.3d at 378; Hartooni v. INS, 21 F.3d 336, 341 (9th Cir.1994); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). "The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution" while the objective component "requires a showing by credible, direct and specific evidence of facts supporting a reasonable fear of persecution." Acewicz, 984 F.2d at 1061 (internal quotations omitted); see also Hartooni, 21 F.3d at 341. Of course, evidence of past persecution is relevant to his fear of future persecution.
 
 
 8
 The BIA adopted the findings of the IJ, including the determination that Molina's testimony was implausible. "When the BIA clearly incorporates the IJ's opinion, ... we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995); see also Gonzales v. INS, 82 F.3d 903, 907 (9th Cir.1996).
 
 
 9
 We do afford substantial deference to credibility findings, but the findings must be supported by specific, cogent reasons. See Murphy v. INS, 54 F.3d 605, 611 (9th Cir.1995); Paredes-Urrestarazu v. INS, 36 F.3d 801, 817 (9th Cir.1994); Nasseri v. Moschorak, 34 F.3d 723, 726 (9th Cir.1994), overruled on other grounds by, Fisher, 79 F.3d at 963; Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990). That a credibility determination be based on appropriate factors is especially important where the petitioner's testimony is the principal source of evidence. Nasseri, 34 F.3d at 726; Aguilera-Cota, 914 F.2d at 1381.
 
 
 10
 Molina testified that just a few days before the hearing, the Sandinistas had broken into the family home looking for him and had done so with such violence that they broke his mother's arm. They also told his father that he would be killed if Molina could not be found. In her decision, the IJ dismissed Molina's testimony as implausible because she thought it unlikely that the Sandinistas would continue to look for him at his family's house seven years after he left. In addition both the IJ and the BIA noted that Molina had not presented evidence of recrimination on the part of the Sandinistas against other individuals returning to Nicaragua.
 
 
 11
 The IJ did not rely on Molina's demeanor during testimony or on material inconsistencies in his testimony for her credibility findings. See Murphy, 54 F.3d at 611; cf. Ceballos-Castillo v. INS, 904 F.2d 519, 520-21 (9th Cir.1990) (material inconsistencies in testimony supported finding that testimony was not credible). Instead, the IJ based her findings on a lack of corroborating evidence from Molina and on her personal belief that the Sandinistas would not still be interested in him. However, corroborating evidence is not required to establish an applicant's credibility. Gomez-Saballos, 79 F.3d at 916; Lopez-Reyes, 79 F.3d at 912; Murphy, 54 F.3d at 611-12; Bolanos-Hernandez, 767 F.2d at 1285. In addition, the IJ's personal conjecture as to what the Sandinistas would do does not satisfy the requirement of specific and cogent reasons. See Lopez-Reyes, 79 F.3d at 912 (IJ's finding that testimony was astonishing and not to be believed was insufficient to uphold credibility determination); Ramos-Vasquez, 57 F.3d at 861 (BIA's doubts about plausibility of testimony were not based on substantial evidence); Nasseri, 34 F.3d at 726-27 (BIA's determination that testimony was "difficult to believe" was not supported by record). Thus, the IJ's credibility determination must be rejected. Because the IJ's credibility determination was entirely unsatisfactory, the record before us compels a reasonable factfinder to determine that Molina had a well-founded fear of persecution.
 
 B. Withholding of Deportation
 
 12
 "Under 8 U.S.C. § 1253(h)(1), an alien's deportation must be withheld if the alien shows a 'clear probability of persecution' in the alien's home country." Singh, 69 F.3d at 380 (citing De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990)). The clear probability standard is met by demonstrating that it is "more likely than not" that the applicant will be persecuted if returned to his home country. INS v. Stevic, 467 U.S. 407, 424, 104 S.Ct. 2489, 2498, 81 L.Ed.2d 321 (1984).
 
 
 13
 Because Molina's testimony is credible, he has presented evidence to demonstrate that he will, more likely than not, be persecuted if he returns to Nicaragua. Molina presented evidence corroborating his testimony that he is still affiliated with the anti-Sandinista Contra movement. He also testified that he was previously beaten and threatened because of his anti-Sandinista views. More importantly, the Sandinistas are still looking for him at his family's home in Nicaragua, and have been doing so in such an insistent and violent way that they had recently injured his mother and threatened his father when they forced their way into the family home. It takes no great degree of prescience to realize that the Sandinistas do not plan to have a friendly little chat with him if they get hold of him; something much more serious is afoot.
 
 
 14
 Molina's testimony establishes a clear probability of persecution on account of his political opinions. Thus, he should not be deported. We therefore, remand the case to the BIA with instructions that Molina be granted withholding of deportation and that the Attorney General determine, in the exercise of her discretion, whether to grant asylum to Molina. See Gomez-Saballos, 79 F.3d at 918; Singh, 69 F.3d at 381.
 
 
 15
 The petition for review is GRANTED, and the case is REMANDED.
 
 FARRIS, Circuit Judge, dissenting:
 
 16
 Leonardo Jose Molina-Morena appeals the decision of the Board of Immigration Appeals finding him deportable and denying his application for asylum and withholding of deportation. Molina is deportable because he was a native and citizen of Nicaragua who entered the United States without inspection. He sought relief from deportation in the form of political asylum and withholding of voluntary departure. Before coming to the United States, Molina was part of the Nicaraguan Contra Resistance. He claims that although the Sandinistas lost national power to the Contras, they still control the city where his family lives and are able to exact revenge against those who have opposed them.
 
 
 17
 In order to qualify for asylum, Molina must demonstrate either: 1) past persecution, or 2) a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The Immigration Judge found that Molina failed to establish a well-founded fear of persecution and noted that his parents, three sisters, and one brother still live in Nicaragua. The Immigration Judge also questioned the credibility of Molina's testimony about recent reprisals by the Sandinistas.
 
 
 18
 The BIA conducted an independent review of the record and affirmed the decision of the Immigration Judge. "Where the [BIA] exercises its power to conduct a de novo review of the record, [this court's] review is limited to the decision of the [BIA] except to the extent that the IJ's opinion is expressly adopted by the [BIA]." Ghaly v. I.N.S., 58 F.3d 1425, 1429 (9th Cir.1995). We review the BIA's factual findings, including whether an applicant has demonstrated a "well-founded fear of persecution," for substantial evidence. Id. Substantial evidence means more than a mere scintilla but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Andres v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). We "will reverse the [BIA] only where the evidence is such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed." Ghaly, 58 F.3d at 1429.
 
 
 19
 The majority concludes that "the record before us compels a reasonable factfinder to determine that Molina had a well-founded fear of persecution." I disagree with this conclusion. The record contains substantial evidence to support the BIA's denial of Molina's application for asylum and withholding of deportation.
 
 
 20
 The BIA determined that Molina's testimony was "vague, unresponsive, uncorroborated, and in some instances simply implausible." The BIA held that even if Molina established past persecution, the changed circumstances in Nicaragua rebutted any presumption of future persecution. Molina failed to present any facts to support his claim that the current government in Nicaragua could not ensure the safety of those sought by the Sandinistas. The Immigration Judge and BIA both questioned the credibility of Molina's testimony regarding recent reprisals by the Sandinistas. Molina's father has lived in Nicaragua without being arrested or harmed since 1983. Molina's brother who was also involved in anti-Sandinista activities remains in Nicaragua and has not been harmed by the Sandinistas. Molina presented no evidence that the Sandinistas are still looking for him at his parents' house after seven years. The only evidence presented to support Molina's "well-founded fear of prosecution" was his own "vague, unresponsive, uncorroborated, and in some instances simply implausible" testimony. Molina has not established a clear probability of persecution on account of his political opinions. The BIA's holding is supported by substantial evidence.
 
 
 21
 Following established circuit precedent, I would affirm. I therefore respectfully dissent.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3