Amarjit **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–75700.

Agency No. A79–588–792.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Amarjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision in part and gave reasons of its own, we review both decisions. *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004), and grant the petition for review

in part, deny it in part, and remand for further proceedings.

■ The BIA adopted the IJ's adverse credibility finding, and we therefore review the IJ's adverse credibility finding. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). The IJ found that Singh's testimony was not inconsistent but he failed to state with specificity the inconsistencies, *see Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), or give Singh an opportunity to explain the purported inconsistencies, *see Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir.2004) (reversing negative credibility finding because, *inter alia*, petitioner was not afforded an opportunity to explain ambiguous witness testimony). Accordingly, substantial evidence does not support the adverse credibility finding. *See id.*

■ Accepting Singh's testimony as true, he has established past persecution based on political opinion. Singh testified that he was twice arrested, detained for several days, abused, and severely beaten because of his involvement with a political group. *See Montoya–Ulloa v. INS*, 79 F.3d 930, 931 (9th Cir.1996) (holding that petitioner established persecution based on a political opinion where he was harassed and beaten).

Having established past-persecution, Singh is presumed to have a well-founded fear of future persecution. *See* 8 C.F.R. 208.13(b)(1); *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998).

■ With regard to the possibility of internal relocation, the BIA stated that Singh demonstrated "that he could relocate safely to other areas of the country." The BIA failed to take into account the reasonableness of relocation. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Cir.2003); *see also* 8 C.F.R. § 208.13(b)(3) (when evaluating the reasonableness of internal relocation adjudicators should consider, but are not limited to "whether the applicant would face other serious harm in the place of suggested relocation; any other ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and other social and cultural constraints, such as age, gender, health, and social and familial ties").

8 C.F.R. § 1208.13(b)(3)(ii) provides: "In cases in which … *the applicant has established persecution in the past,* it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." (emphasis added). *See Melkonian,* 320 F.3d at 1070; *see also* 8 C.F.R. § 1208.16(b)(3)(ii) (establishing the same burden with withholding of removal). On remand, the burden is placed on the government to rebut Singh's presumed inability to reasonably relocate.

We find Singh's claim for relief under the CAT unpersuasive, because he fails to meet the higher burden of showing that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The BIA also noted that Singh was able to live and work in Nicaragua for over ten years prior to his arrival in the United States. On remand, the BIA should make a determination as to whether Singh firmly resettled under 8 C.F.R. § 208.15.

Accordingly, we remand to the BIA to determine whether internal relocation is reasonable under 8 C.F.R. § 1208.13(b)(3)(ii) and 8 C.F.R. § 1208.16(b)(3)(ii), and whether Singh firmly resettled under 8 C.F.R. § 208.15.

**PETITION FOR REVIEW GRANTED in part, DENIED in part, REMANDED.**