**Stepan GHAZARYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71956.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Dec. 22, 2006.

John Derrick, The Law Office of John Derrick, Santa Barbara, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WARDLAW, PAEZ, and BYBEE, Circuit Judges.

## MEMORANDUM *

Stepan Ghazaryan petitions for review of an order by the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We grant the petition and hold that Ghazaryan is eligible for asylum and entitled to withholding of removal.

## I.

■ Because the BIA did not adopt the Immigration Judge's ("IJ") adverse credibility determination, we "presume that the BIA found the petitioner to be credible...." *Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005); *see also Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir. 2004).

An applicant "may qualify as a refugee [for asylum purposes] either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). The BIA's finding that Ghazaryan had not suffered past persecution on account of his political opinion is not supported by substantial evidence, and is premised on a factually erroneous reading of the record.[1] Ghazaryan endured lengthy detentions, repeated beatings, threats against his life, and harassment of his family, all at the hands of government soldiers and military police officers. We

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The BIA found that Ghazaryan could not establish past persecution in part because he was already a member of the National Democratic Union ("NDU") political party when he was hired by the Military Police. That finding is erroneous in light of Ghazaryan's testimony that he was hired in 1995 but joined the NDU one year *later,* in 1996. Moreover, Ghazaryan was not persecuted until 2000 because Gasparian did not assume his position until

1998 and did not until 2000 "ha[ve] time" to deal with Ghazaryan.

The BIA also erred in finding that Ghazaryan could not establish the "identity of the persons responsible" for harassing his parents and vandalizing his home after the political rally. The BIA overlooked Ghazaryan's testimony that he recognized two of the people following him to be soldiers, possibly from his own unit. Furthermore, the BIA erroneously found that these events transpired *as* Ghazaryan spoke at the political rally. The record unambiguously indicates, however, that they happened afterward.

have "consistently found persecution where, as here, the petitioner was physically harmed." *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 (9th Cir.2004). "A single isolated incident may not rise to the level of persecution, [but] the cumulative effect of several incidents may constitute persecution." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998) (internal quotation marks omitted). Moreover, threats of serious harm, particularly when combined with confrontation or other mistreatment, may constitute persecution. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1120–21 (9th Cir.2004); *Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir.2004) ("Threats on one's life, within a context of political and social turmoil or violence, have long been held sufficient to satisfy a petitioner's burden of showing an objective basis for fear of persecution.").

The record further compels the conclusion that Ghazaryan's persecution was on account of his political opinion. In particular, he was persecuted due to his membership in the NDU, *see Montoya–Ulloa v. INS*, 79 F.3d 930, 931 (9th Cir.1996), and his ongoing efforts to expose government corruption at senior levels, *see Mamouzian*, 390 F.3d at 1134; *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000). That Ghazaryan's tormentors may have been motivated in part by other considerations is irrelevant. "[P]ersecutory conduct may have more than one motive, and so long as one motive is one of the statutory grounds, the requirements have been satisfied." *Ratnam v. INS*, 154 F.3d 990, 996 (9th Cir.1998) (internal quotation marks and citation omitted).

## II.

■ Because Ghazaryan has established past persecution under the statute, he is entitled to "a presumption of a well-founded fear of future persecution." *Mamouzi-*

*an*, 390 F.3d at 1135; *see also* 8 C.F.R. § 208.13(b)(1). The government introduced no evidence and did not argue to either the IJ or the BIA that changed country conditions or other factors "would eliminate [Ghazaryan's] fear of future persecution." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 n. 11 (9th Cir.2004). Accordingly, the presumption stands unrebutted and "[t]here is no need to remand to the BIA" to consider whether Ghazaryan has a well-founded fear of future persecution. *Id.* (citation omitted); *see also Ndom v. Ashcroft*, 384 F.3d 743, 756 (9th Cir.2004) (declining to remand where the government had not produced rebuttal evidence below).

## III.

"Because [Ghazaryan] has established that he suffered past persecution …, a presumption arises that he is entitled to withholding of removal." *Baballah*, 367 F.3d at 1079 (citing *Salazar–Paucar v. INS*, 281 F.3d 1069, 1077 (9th Cir.2002)); *see also* 8 C.F.R. § 208.16(b)(1)(i) ("If the applicant is determined to have suffered past persecution in the proposed country of removal on account of … political opinion, it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim.").

Just as the government failed to rebut the presumption that Ghazaryan has a well-founded fear of future persecution, so it failed to rebut the parallel presumption in favor of withholding. Because this presumption was not rebutted, we "conclude that it is 'more likely than not that [Ghazaryan] would be subject to persecution' upon returning" to Armenia. *Baballah*, 367 F.3d at 1079 (quoting *INS v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)). Ghazaryan is therefore statutorily entitled to withholding of

removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001) ("Unlike asylum, withholding of removal is not discretionary.").[2]

## IV.

■ We lastly address the government's argument that we should remand the matter to the BIA so that it may reconsider its order based on (1) an accurate reading of the record and (2) this Court's intervening decision in *Mamouzian.* We decline this invitation.

In *INS v. Ventura,* the Supreme Court held that when reviewing an agency decision, a "court of appeals 'is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.'" 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (quoting *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)). This rule is designed to allow the agency to make a determination of the issue in the first instance.

We note that the BIA had the opportunity to address all of Ghazaryan's claims in the first instance. *See Ventura,* 537 U.S. at 17, 123 S.Ct. 353. It merely erred in doing so. Accordingly, no remand is required based on the BIA's erroneous interpretation of the record.

We similarly reject the government's argument that a *Ventura* remand is required so that the BIA may consider the matter in light of this Court's intervening decision in *Mamouzian.* Contrary to the government's suggestions in its brief, and as its counsel conceded during argument, *Mamouzian* was not the first case to hold that persecution of one who exposes govern-

ment corruption may be on account of political opinion. Indeed, the *Mamouzian* panel noted that "we have *repeatedly held* that retaliation against an individual who opposes government corruption can constitute persecution on account of political opinion." 390 F.3d at 1134–35 (citing *Hasan v. Ashcroft,* 380 F.3d 1114, 1120–21 (9th Cir.2004); *Njuguna v. Ashcroft,* 374 F.3d 765, 770–71 (9th Cir.2004); *Grava,* 205 F.3d at 1181) (emphasis added). Thus, there is nothing new in *Mamouzian* for purposes of this petition and a remand to the BIA for further consideration is not required.

## V.

We conclude that Ghazaryan is eligible for asylum and entitled to withholding of removal. We remand his petition to the BIA for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum, and for an appropriate order withholding his removal.

Petition **GRANTED; REMANDED** for further proceedings.

---

2. Because Ghazaryan in entitled to withholding for removal, we do not address his claims under the CAT.