Bertil SAGERMARK, Francisca Walters Mazariegos, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 83–7426.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 1984 *.

Decided Aug. 1, 1985.

---

\* The panel finds this case appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

Bertil Sagermark, Escondido, Cal., for petitioner.

Mark Walters, Lauri Steven, Washington, D.C., for respondent.

Before CHOY, Senior Circuit Judge, PREGERSON and CANBY, Circuit Judges.

CHOY, Senior Circuit Judge:

Bertil Sagermark, a Swedish citizen, is a civil engineer who was employed by Linden Cranes, a Swedish company, in 1961 to market their cranes in Spain. Sagermark eventually modified the designs and attempted to market them independently. When Linden found out about Sagermark's actions, it brought charges against Sagermark, first for embezzlement, and later for grave disloyalty to principal, both crimes under Swedish law.

Sagermark refused to return to Sweden for trial. The Swedish government asked for his extradition, resulting in his serving 36 days in a Barcelona jail until Spain decided to refuse the extradition request. Sagermark returned to Sweden in 1967 and was tried and convicted of grave disloyalty to principal. On appeal, the charge was reduced and Sagermark was neither fined nor jailed. His engineering license was not revoked.

Sagermark took his case to the Swedish Supreme Court five times without success. He also complained to the Parliamentary Ombudsman for Justice about alleged mishandling of his case. After the Ombudsman took no action, Sagermark sued the judges, prosecutors, and other governmental officials involved in his case, but the suits were dismissed for various reasons. Sometime thereafter, the Swedish Parliament granted immunity from suit to public officials acting in their official capacities.

Sagermark has waged a massive publicity campaign against the "700 to 800" Swedish officials he alleges conspired against him. He has written numerous books and pamphlets, and he has conducted news conferences and issued press releases to publicize his complaints against the Swedish government.

In 1975, Sagermark was admitted to the United States as a nonimmigrant visitor. Because he never departed, the INS initiated deportation proceedings in 1979. At a hearing before an immigration judge (IJ) on June 19, 1981, Sagermark admitted deportability but requested asylum.

At the hearing, Sagermark presented some evidence that certain governmental officials had attempted to hinder his appeals. But he has never been prosecuted for his publicity efforts nor does he expect to be jailed if he returns to Sweden. Sagermark also claimed that he might be confined to a mental institution were he to return to Sweden. He testified that a judge warned him that those who demand their rights are occasionally institutionalized and that Sagermark was "lucky" to have been found sane in a 1968 examination.

The IJ announced his decision orally ruling that Sagermark had failed to demonstrate a well-founded fear of persecution. Sagermark was given appeal forms by the IJ, but he did not use them. Instead, he sent the IJ a letter which he labeled a "motion to re-open the proceedings." He also sent numerous other letters to the IJ complaining about the IJ's ruling. The IJ treated Sagermark's letter as a motion to reopen, which he then denied on August 3, 1981.

On August 14, 1981, Sagermark appealed the denial of the motion to the Board of Immigration Appeals (BIA). On March 31, 1983, the BIA, in a memorandum approving of not only the denial of the motion but also the IJ's decision on the merits rejecting Sagermark's asylum request, affirmed.

Sagermark now petitions this court for review of the BIA's decision affirming the IJ's denial of Sagermark's "motion to reopen." He also seeks review of the BIA's implicit affirmance of the IJ's ruling on June 19, 1981 rejecting Sagermark's request for discretionary asylum pursuant to 8 U.S.C. § 1158 (1982) and withholding of deportation under 8 U.S.C. § 1253(h) (1982).

### Jurisdiction to Review Merits

■ The INS contends that this court has no jurisdiction to review the merits of Sagermark's request for asylum and withholding of deportation because he did not timely appeal the IJ's June 19 decision to the BIA, thus failing to exhaust his administrative remedies. 8 U.S.C. § 1105a(c) (1982).

8 C.F.R. § 242.21 (1984) provides that an appeal to the BIA must be filed within 10 days of the decision. While a literal reading suggests June 29 as the appropriate cut off date, another plausible view is that if a motion to reopen or reconsider is made, then the 10-day period does not begin to run until the motion is denied. In other words, the 10-day period does not begin until there is a final decision by the IJ. This approach would have the benefit of avoiding an unnecessary BIA review were the IJ ultimately to decide to grant the motion while also allowing consolidation of all appeals so that they can be heard together by the BIA. *Cf. Hyun Joon Chung v. INS*, 720 F.2d 1471, 1473–74 (9th Cir. 1983) (six-month period for filing petition for review of deportation order to circuit court does not begin until motion is denied or proceedings are reopened and concluded), *cert. denied,* — U.S. —, 104 S.Ct. 2659, 81 L.Ed.2d 366 (1984).

We need not interpret the INS regulation, however, because we find that the administrative tribunals have adequately reviewed the IJ's June 19 decision denying Sagermark's requests for asylum and withholding of deportation. The INS presented its position on the merits of the original decision to the BIA. That decision was addressed by the BIA when it affirmed the denial of the motion to reopen. The BIA described the decision as "thorough and well-reasoned." It also said that Sagermark "was given a fair opportunity but failed to establish that he has a well-founded fear of persecution within the meaning of the Act." Whether or not the decision on the merits was technically before the BIA, the BIA addressed it thoroughly enough to convince us that the relevant policy concerns underlying the exhaustion requirement—that an administrative agency should have a full opportunity to resolve a controversy or correct its own errors before judicial intervention—have been satisfied here.

### Review of the Merits of Sagermark's Asylum and Withholding of Deportation Claims

#### (a) Burden

Because Sagermark's application for a grant of discretionary asylum under 8 U.S.C. § 1158 was filed after deportation proceedings had begun, it is also treated by the INS as a request for withholding of deportation under 8 U.S.C. § 1253(h). 8 C.F.R. § 208.3(b) (1983). While the case law has often confused the two provisions, *see Bolanos-Hernandez v. INS*, 749 F.2d 1316, 1321 n. 10 (9th Cir.1984) (discussing cases), the Supreme Court has clearly distinguished them. *See INS v. Stevic,* — U.S. —, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

The Court, in *Stevic*, finally settled a conflict among the circuits by holding that an alien must establish a "clear probability" (more likely than not) of persecution to be entitled to withholding of deportation under § 1253(h). 104 S.Ct. at 2492. The Court also made clear that with regard to discretionary asylum under § 1158, the alien must instead prove that he has a "well-founded fear" of persecution. 104 S.Ct. at 2497 & n. 18. The Court did not decide the meaning of the phrase "well-founded fear" because that issue was not presented by the case. 104 S.Ct. at 2501. Nevertheless, the Court strongly hinted that it felt that the "well-founded fear"

standard was less stringent than the "clear probability" test and suggested that an alien might fulfill his burden by merely providing objective evidence of a "reasonable possibility" of persecution. 104 S.Ct. at 2498.

■ This circuit takes a similar view. *See Bolanos-Hernandez v. INS*, 749 F.2d 1316, 1321 (9th Cir.1984). Because the granting of asylum to those who qualify as "refugees" under the "well-founded fear" test is still discretionary, *see* § 1158(a) *and INS v. Stevic*, 104 S.Ct. at 2497 n. 18, whereas an alien who satisfies the "clear probability" test is automatically entitled to withholding of deportation, *see Chavez v. INS*, 723 F.2d 1431, 1432 (9th Cir.1984); *McMullen v. INS*, 658 F.2d 1312, 1316 (9th Cir.1981), it is logical that the former test is less stringent. *See Bolanos-Hernandez*, 749 F.2d at 1322; *Carvajal-Munoz v. INS*, 743 F.2d 562, 575 (7th Cir.1984). We do not need to determine the precise meaning of "well-founded fear" here, however, because Sagermark's claim would fail even under the most lenient definition of "well-founded fear."

*(b) Standard of Review*

■ We review the record to determine whether the BIA's and IJ's conclusion that Sagermark failed to establish a "clear probability" of persecution to support withholding of deportation is supported by substantial evidence. *See Chavez v. INS*, 723 F.2d at 1432; *McMullen v. INS*, 658 F.2d at 1316. The proper standard of review for determinations of "refugee" status for purposes of the *discretionary asylum* provision is somewhat more complicated. We held in *McMullen* that "substantial evidence" review was appropriate because § 1253(h) requires the BIA to withhold deportation if the alien is determined to be subject to persecution, the BIA having no absolute discretion in deciding the issue of persecution. While it is true that the granting of asylum to those determined to be refugees is discretionary, the determination of refugee status is not.[1] Thus, the

logic of *McMullen* suggests that this court must review the conclusion that Sagermark is not a refugee for purposes of discretionary asylum under the substantial evidence standard. *See Bolanos-Hernandez*, 749 F.2d at 1321 n. 9; *Carvajal-Munoz*, 743 F.2d at 567. Assuming an asylum applicant is found to be a refugee, this court would then review the INS's decision to grant or deny asylum for abuse of discretion. *See Bolanos-Hernandez*, 749 F.2d at 1321 n. 9; *Carvajal-Munoz*, 743 F.2d at 567–68.

*(c) Application*

■ While it is unclear what meaning the IJ or BIA gave to the term "well-founded fear," the record contains substantial evidence to support the conclusion that there is no basis in fact for any fear that Sagermark would be subject to persecution, much less a "clear probability" of its actually occurring. The burden is on Sagermark to prove the requisite possibility of persecution. *See Bolanos-Hernandez*, 749 F.2d at 1320 & n. 5; *Shoaee v. INS*, 704 F.2d 1079, 1084 (9th Cir.1983). He has failed to meet that burden here because his testimony consisted primarily of mere assertions of his fear without evidence that his fear has a basis in fact. *See Shoaee*, 704 F.2d at 1084.

Much of his testimony consisted of complaints about his conviction for "disloyalty to principal" and alleged conspiratorial attempts by the Swedish government to block his appeals. Even if one makes the generous assumption that the modicum of evidence produced by Sagermark is sufficient to support his claim of conspiracy, the alleged conduct is not "persecution," which this court has defined as "the infliction of suffering or harm upon those who differ ... in a way regarded as offensive." *Kovac v. INS*, 407 F.2d 102, 107 (9th Cir.1969). Not only did Sagermark succeed on appeal in getting his conviction reduced to a lesser offense, but he was neither fined nor jailed for his conviction. And, because his engineering license was not even revoked, he has no plausible claim that the conspiracy

---

1. Indeed, if the alien is determined not to be a "refugee," then the BIA has no discretion and may not grant asylum. *See* 8 C.F.R. 208.-8(f)(1)(i).

caused him "substantial economic disadvantage." 407 F.2d at 107.

Sagermark's claim that he will be unjustly confined to a mental institution if he returns to Sweden is not supported by any convincing evidence. He has presented no proof that the Swedish government has ever institutionalized dissidents. His own evidence indicates that he cannot be involuntarily committed without the benefit of an impartial examination, and he has the right to appeal an adverse decision with the aid of counsel. He has failed to provide even marginally probative evidence to suggest that he would not be afforded the benefit of those procedures or that the Swedish government has any interest in institutionalizing him in the first place.

Sagermark also argues that the Swedish government enacted a public official immunity law in response to his lawsuits against various Swedish officials he believed were conspiring against him. He has not provided adequate evidentiary support for this theory nor would the truth of such an allegation establish persecution given that his suits were dismissed prior to the enactment of the immunity law.

Finally, Sagermark has never been prosecuted for his outspoken anti-government efforts, and he does not expect to be jailed if he returns to Sweden. In sum, there is substantial evidence to support the conclusion that Sagermark has no well-founded fear of persecution in Sweden, and thus the INS's decision to deny his request for asylum and withholding of deportation must be affirmed.

### Motion to Reopen or Reconsider

■ This court will only reverse the BIA's decision to deny Sagermark's petition to reopen or reconsider if it finds an abuse of discretion. *See Chavez v. INS*, 723 F.2d 1431, 1433 (9th Cir.1984); *Chudshevid v. INS*, 641 F.2d 780, 784 (9th Cir.1981). This circuit has held that if the petitioner presents a *prima facie* case of entitlement to asylum, it is an abuse of discretion for the BIA to refuse to reopen the proceedings. *Samimi v. INS*, 714 F.2d 992, 995 (9th Cir.1983). However, Sager-

mark's motion does not state any new facts not already considered above nor is it supported by any satisfactory evidentiary material. Consequently, Sagermark failed to present a *prima facie* case of entitlement. *See* 8 C.F.R. § 103.5 (A motion to reopen "shall state the new facts to be proved ... and shall be supported by affidavits or other evidentiary material.").

Moreover, the BIA and IJ were justified in their view that Sagermark was given a full and fair opportunity to present evidence at the hearing. Sagermark's hearing lasted about six hours and when he was told that he would have to finish in fifteen minutes, he indicated that he could complete his testimony in the allotted time. If Sagermark's letter is instead deemed a motion for reconsideration, it is equally unsatisfactory as it gives absolutely no reason or argument as to why the IJ's decision on the merits was incorrect. *See* 8 C.F.R. § 103.5. The INS's denial of the motion was well within its discretion.

### Miscellaneous Claims

■ Sagermark contends that the IJ's failure to provide him with a copy of the IJ's June 19th oral decision until some 14½ months after he requested it denied him due process. Under 8 C.F.R. § 242.19(b), "[a] typewritten copy of the oral decision shall be furnished at the request of the respondent." While a 14½ month delay does seem somewhat unreasonable, the regulations do not prescribe a time limit for compliance with such requests. More importantly, however, the IJ gave Sagermark one month after receipt of the copy to file his brief and then extended the deadline another month when Sagermark requested more time due to a death in the family. Finally, Sagermark did not claim nor prove that the delay prejudiced him in any respect. Thus, although the delay was substantial, it did not amount to a due process violation.

■ Sagermark's due process attack on the fairness of the hearing he was granted also must fail. Like the BIA and IJ, we feel that a six-hour hearing and the introduction of some 62 exhibits, Sagermark's own statement that he could finish his tes-

timony in the additional fifteen minutes allotted, and his failure to explain how granting him further time would strengthen his claim indicate that he had a "reasonable" opportunity to present his case, as required by 8 U.S.C. § 1252(b)(3), and that the hearing met "the essential standard of fairness under the Due Process Clause." *Landon v. Plasencia,* 459 U.S. 21, 35, 103 S.Ct. 321, 330, 74 L.Ed.2d 21 (1982).

Sagermark contends that the BIA could not adequately review the IJ's decision because the transcript it examined was an altered version of the IJ's original oral decision. However, our review of the two documents indicates that the altered version is simply the original decision edited for style and clarity with no difference of substance.

Finally, Sagermark's numerous other objections are either frivolous or irrelevant. We affirm the decision of the BIA upholding both the IJ's denial of the motion and his June 19th decision on the merits rejecting Sagermark's petition for asylum and withholding of deportation. The Petition for Review is

DENIED.