43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammed Fahim EL-HEWIE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70700.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mohammed Fahim El-Hewie, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") decision finding him deportable and denying his application for asylum and withholding of deportation. El-Hewie contends that (1) the BIA's denial of his application for asylum and withholding was not supported by substantial evidence, and (2) his due process rights were violated at his deportation hearing because he was not allowed to submit into evidence certain items or to fully develop his testimony.[1] We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). In evaluating the petitioner's claims, we must uphold the BIA's factual determinations if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. Sec. 1105a(a)(4). Under the substantial evidence standard, "the BIA's conclusion, based on the evidence presented, [must] be substantially reasonable." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (quotations omitted). "To reverse the BIA['s] finding [the court] must find that the evidence not only supports the conclusion, but compels it." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 II
 Asylum and Withholding of Deportation
 
 5
 El-Hewie contends that the BIA abused its discretion because substantial evidence supports his claim that he has a well-founded fear of persecution. This contention lacks merit.
 
 
 6
 The Attorney General may grant asylum to an alien if he proves he is a "refugee" as defined by section 208(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158(a). To receive asylum, an alien must show either past persecution or a well-founded fear of future persecution in his own country because of his race, religion, political opinion, nationality, or membership in a particular social group or organization. Section 101(a)(42)(A) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1101(a)(42)(A); INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).[2] Persecution is "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 7
 As the basis for his asylum claim, El-Hewie contends that he was persecuted by the Egyptian government from 1974 to 1988 because of his political opinions. Specifically, El-Hewie testified that he was (1) suspended from engineering school for six months in 1974; (2) assigned a less prestigious engineering position after his graduation; (3) forced to resign from a faculty position in 1978; (4) detained in 1980 and questioned for five days after visiting Austria and Iraq; and (5) harassed by the police in 1983-84 because he had uncovered corruption in the local government's distribution of UNICEF funds. El-Hewie also testified that he feared future persecution if he returned to Egypt because (1) he was associated with a Professor El-Din and many of El-Din's other students have been arrested; (2) eleven days after his arrival in the United States, he was summoned back to Egypt for a court appearance; and (3) while in the U.S. he had sent money to his sister, a member of the Islamic Brotherhood.
 
 
 8
 The BIA denied El-Hewie's asylum claim, holding that even if all of the facts alleged by El-Hewie were true, he failed to establish past persecution or a well-founded fear of future persecution.
 
 
 9
 Specifically, the BIA found that even if El-Hewie's six-month suspension from school, his rejection from a more prestigious position after graduation, and his forced resignation from the university faculty position were politically motivated, these acts did not rise to the level of past persecution. The BIA noted that El-Hewie was allowed to graduate after his six-month suspension, that he subsequently was allowed to pursue a medical education financed in part by the government, and that he suffered no "substantial economic disadvantage" as a result of his forced resignation in 1980 because he remained regularly employed throughout his time in Egypt.
 
 
 10
 Furthermore, the BIA found that, according to El-Hewie's own testimony, his five-day detention in 1980 was the result of a general police investigation into a recent political assassination, rather than an investigation directed specifically at El-Hewie because of his political opinions. In considering El-Hewie's claims of harassment in 1983-84 by the police, the BIA found that the alleged harassment did not rise to the level of persecution because El-Hewie was never detained or mistreated.
 
 
 11
 The BIA also found that the Egyptian government had stated legitimate reasons for summoning El-Hewie back to Egypt because, under Egyptian law, El-Hewie had an obligation to work for the government as a result of his government financed education.
 
 
 12
 Finally, the BIA found too attenuated El-Hewie's fear of future persecution based upon his financial support of his sister and his connection to Professor El-Din.
 
 
 13
 We are satisfied from our independent review of the record that the BIA's conclusion that El-Hewie failed to establish past persecution or a well-founded fear of future persecution was supported by "substantial evidence." See De Valle, 901 F.2d at 790. Accordingly, the BIA did not abuse its discretion by denying El-Hewie's request for asylum. Moreover, because El-Hewie failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 III
 Due Process
 
 14
 El-Hewie contends that he was denied due process at his deportation hearing because the IJ (1) did not consider evidence that his six month suspension from school and his forced resignation from the faculty position were politically motivated, and (2) erroneously concluded that his five-day detention was the result of a general police investigation into a recent assassination. El-Hewie also contends that the BIA failed to address all of the issues raised in his notice of appeal. These contentions lack merit.
 
 
 15
 In a deportation hearing, an alien is entitled to the Fifth Amendment guarantee of due process, which is satisfied only by a "full and fair hearing." Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 16
 At his hearing, El-Hewie, represented by counsel, was afforded a full and fair opportunity to present testimony and other evidence in support of his asylum application. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51. Furthermore, any error that occurred because the IJ failed to consider certain evidence was cured by the BIA's full consideration of that evidence and the record as a whole.[3]
 
 
 17
 Accordingly, we find meritless El-Hewie's contention that the IJ and the BIA violated his right to due process. See Cuadras, 910 F.2d at 573.
 
 
 18
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, El-Hewie challenges the IJ's decision directly. However, our review is limited to the BIA's decision. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)
 
 
 [2]
 To establish eligibility for asylum based on a well-founded fear of persecution, an alien must demonstrate that her fear is both subjective and objective. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. Blanco-Comarribes v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component "requires a showing, by credible, direct, and specific evidence in the record of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera, 848 F.2d at 1002 (quotations and emphasis omitted). The applicant bears the burden of establishing eligibility for asylum. See Estrada-Posadas, 924 F.2d at 918
 
 
 [3]
 The record shows that the BIA explicitly considered both El-Hewie's six-month suspension and his forced resignation from the faculty position