87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Adrian BLANCO-HERRERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70037.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.*
Decided June 21, 1996.
 
 Before: GOODWIN, PREGERSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Adrian Blanco-Herrera, a citizen of Nicaragua, appeals the decision of the Board of Immigration Appeals (the "BIA") affirming the denial of his application for asylum and withholding of deportation and his motion to reopen to apply for suspension of deportation.
 
 I. ASYLUM AND WITHHOLDING OF DEPORTATION
 
 3
 We review the BIA's denial of asylum to determine whether substantial evidence supports the finding that the petitioner failed to demonstrate either past persecution or a well-founded fear of persecution. Acewicz v. U.S.I.N.S., 984 F.2d 1056, 1061 (9th Cir.1993). If substantial evidence establishes that the petitioner is statutorily eligible for asylum, this Court then reviews the decision of the BIA for abuse of discretion. Id. Denial of withholding of deportation is reviewed for substantial evidence. Alonzo v. U.S.I.N.S., 915 F.2d 546, 548 (9th Cir.1990).
 
 
 4
 In order to establish past persecution, an asylum applicant must show that he was harmed on account of a belief or characteristic related to race, religion, nationality, membership in a particular social group, or political opinion. See, e.g., Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). In order to prove a well-founded fear of persecution, the applicant must show that a reasonable person in the same circumstances would fear persecution. Elnager v. U.S.I.N.S., 930 F.2d 784, 786 (9th Cir.1991). A "well-founded fear" is both subjective and objective in that an alien must have a genuine fear of persecution and provide evidence that would support a reasonable fear of persecution. Estrada-Posadas v. U.S.I.N.S., 924 F.2d 916, 918 (9th Cir.1991).
 
 
 5
 Blanco claimed[1] that he suffered past persecution because he: (1) was unable to study at the university (A.R. 122, 152); (2) was on a church bus with fellow Baptists when a group of Sandinista loyalists boarded the bus and threatened to beat him (A.R. 125); (3) could not obtain a letter of recommendation from the local CDS (Committee for the Defense of the Sandinistas) to get a job (A.R. 153); (4) had goods that he was selling in the local market confiscated because he was operating a business without a license (A.R. 153); (5) was questioned several times about supplying information to the Contras and was threatened with imprisonment. (A.R. 127, 153). Blanco believes, probably correctly, that all of these things happened because he refused to cooperate with the local CDS, i.e. inform on his relatives for alleged counterrevolutionary activities. Although Blanco did not have a license, he continued to sell goods in the marketplace for almost 2 years without any apparent punishment. (A.R. 153). In addition, because of these problems, Blanco began to speak publicly against the Sandinistas. (A.R. 142).
 
 
 6
 The denial of a business license and the refusal to give a recommendation letter for a job do not rise to the level of substantial economic disadvantage necessary to establish past persecution, especially considering that Blanco was still able to sell his goods and live in Nicaragua without any apparent unusual hardships. See Saballo-Cortez v. I.N.S., 761 F.2d 1259, 1264 (9th Cir.1985) (denial of special privileges to purchase discount food and obtain desirable employment in Nicaragua is not persecution). The repeated questioning about Blanco's suspected involvement with the Contras, an illegal guerrilla group, and general threats from the Sandinistas to the Baptist worshippers do not constitute the infliction of suffering or harm in "a way regarded as offensive." Sagermark v. I.N.S., 767 F.2d 645, 649 (9th Cir.1985), cert. denied 476 U.S. 1171 (1986); see also Prasad v. I.N.S., 47 F.3d 336, 339 (9th Cir.1995) (brief detention does not necessarily establish persecution). Blanco's exclusion from college, even if it was the result of his failure to participate with the CDS, does not constitute past persecution.
 
 
 7
 Considering the fact that the Sandinistas never persecuted Blanco while he was in Nicaragua, although they had many opportunities to do so, there is no objective basis to support a well-founded fear of persecution. Furthermore, the present democratically elected government has eliminated the power of the Sandinista run CDS--the source of Blanco's problems. Therefore, we affirm the BIA's denial of asylum.
 
 
 8
 Given that the standard for proving entitlement to withholding of deportation is higher than that for eligibility for asylum, we also affirm the denial of withholding of deportation.
 
 
 9
 II. MOTION TO REOPEN TO APPLY FOR SUSPENSION OF DEPORTATION
 
 
 10
 The BIA denied Blanco's motion to reopen because it found that he did not establish prima facie eligibility for suspension of deportation. (A.R. 6). The denial of a motion to reopen is reviewed for abuse of discretion. I.N.S. v. Doherty, 502 U.S. 314, 323 (1992). Denial of a motion to reopen will be upheld unless it is "arbitrary, irrational, or contrary to law." Ahwazi v. I.N.S., 751 F.2d 1120, 1122 (9th Cir.1985).
 
 
 11
 The BIA concluded that Blanco did not prove that he would suffer an "extreme hardship" if he were to return to Nicaragua. He claims an extreme hardship because he will have to readjust to life in Nicaragua, the country where he lived for the first 23 years of his life. We agree with the BIA that Blanco's readjustment to Nicaraguan life, although difficult, does not constitute an extreme hardship. See Carnalla-Munoz v. U.S.I.N.S., 627 F.2d 1004, 1007 (9th Cir.1980) (adjustment of alien returning to his homeland is not sufficient hardship to warrant relief).
 
 
 12
 Blanco also claims that the BIA failed to consider the hardship his returning to Nicaragua would cause to his legal permanent resident parents. Blanco claims that his parents would suffer an extreme hardship because, although Blanco has other LPR siblings in the area where his parents live, he is their principal source of transportation to medical appointments and other such errands. (A.R. 14). Although Blanco's tax forms indicate that he claimed his father as a dependent in 1992 and his mother in 1993, Blanco never asserted that they were financially dependent on him. (A.R. 55-61).
 
 
 13
 Blanco's returning to Nicaragua would either force his siblings to become more involved in looking after their parents, or place his parents in the same position as other parents whose children live far away and are unable to help them run errands. Cf. Villena v. I.N.S., 622 F.2d 1352, 1359-60 (9th Cir.1980) (where alien was living with LPR parents a hearing was necessary to determine if they were dependent upon him).
 
 
 14
 Even when the difficulties facing Blanco and his parents are viewed in the aggregate, they still do not constitute an extreme hardship. Id. at 1358 (these factors must be viewed in the aggregate).
 
 
 15
 Therefore, we affirm the denial of the motion to reopen.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Some of these claims are not evident in the testimony before the Immigration Judge, but they are adequately outlined in Blanco's declaration in support of his application for asylum