103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elichka APOSTOLOV, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70438.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Nov. 21, 1996.
 
 1
 Before: BROWNING, THOMPSON, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 The Board of Immigration Appeals ("BIA") decision that Elichka Apostolov ("Apostolov") failed to establish past persecution, a well-founded fear of future persecution or eligibility for withholding of deportation is supported by substantial evidence and is affirmed. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 4
 Apostolov did not experience "the infliction of suffering or harm ... in a way regarded as offensive." Sagermark v. INS, 767 F.2d 645, 649 (9th Cir.1985). Mere interrogation is not persecution. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987) (holding that a four-day detention and interrogation to encourage the applicant to join the military was not persecution). Apostolov may not establish past persecution by relying upon the persecution of her husband. See Kahssai v. INS, 16 F.3d 323, 329 (9th Cir.1994) (noting that the asylum applicant could have a legitimate fear of future persecution even if she had not been subject to direct physical abuse) (emphasis added).
 
 
 5
 Apostolov did not establish a well-founded fear of future persecution. The BIA relied upon a country report and opinion letter by the State Department Bureau of Democracy, Human Rights and Labor indicating conditions in Bulgaria had improved. The Board "may rely on a Bureau opinion in determining whether an applicant is entitled to asylum." Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). Apostolov's assertion that the BIA gave conclusive weight to the State Department report does not warrant relief. The BIA is not required to explain how much weight it gives each exhibit. The BIA provided a comprehensible reason for its decision sufficient to enable this court to conduct its review. See id. at 1430-31; Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 6
 Apostolov did not claim that she held anti-communist beliefs. She did not establish that the government had imputed her husband's political beliefs to her; the government did not question her when it questioned her husband and his family regarding her sister-in-law. See Estrada-Posadas v. INS, 924 F.2d 916, 919 (9th Cir.1991). Since she failed to establish she is an anti-communist or that the government has imputed her husband's political beliefs to her, Apostolov did not establish that she has a well-founded fear of persecution as a member of a group that faces persecution. Cf. Kotasz v. INS, 31 F.3d 847, 855 (9th Cir.1994) (reversing the BIA's denial of a petition for political asylum because the applicant is a member of a group of active anti-communists that faces persecution in Bulgaria). Nor did Apostolov provide evidence that persecution of her family provided a basis for a well-founded fear of persecution; the government did not interrogate or harass her despite its interrogation of her husband's family. See Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995).
 
 
 7
 As Apostolov could not demonstrate past persecution or a well-founded fear of future persecution, she cannot meet the more stringent standard for withholding of deportation. See De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 8
 Apostolov waived the argument that her immigration hearing denied her due process because she did not raise it on appeal to the BIA; since she has not exhausted her administrative remedies, this court lacks jurisdiction to hear this argument. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Moreover, Apostolov was not denied due process; she received a full and fair hearing at a meaningful time and in a meaningful manner. See Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994). Her husband's failure to testify did not deny Apostolov due process; she twice indicated she did not wish him to testify.
 
 
 9
 The denial of Apostolov's petition is therefore affirmed.
 
 
 10
 To preserve the automatic stay under 8 U.S.C. § 1105a(a)(3), the mandate will be withheld until termination of any administrative proceedings affecting Emil Apostolov or until further order of this court. The parties are instructed promptly to advise the court of any change in circumstances that might make it appropriate to issue the mandate.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3