Francisco GUERRA–GONZALEZ,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–71258.
I & NS A–70–115–704.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided May 25, 2001.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM *

Petitioner Francisco Guerra–Gonzalez ("Guerra–Gonzalez") petitions for review of the Board of Immigration Appeals's ("BIA") denial of his requests for asylum and withholding of deportation.

The government contends that Guerra–Gonzalez failed to exhaust his administrative remedies because he did not challenge the issue of past persecution in his administrative appeal brief. If the BIA

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

actually considers and decides an issue, that issue can be reviewed. *Sagermark v. INS,* 767 F.2d 645, 648 (9th Cir.1985). Here, the BIA stated, "we agree with the Immigration Judge's conclusion that [Guerra–Gonzalez] has not established that he was the victim of persecution while in Guatemala." Guerra–Gonzalez's claims of past persecution were addressed by the BIA, relieving his exhaustion requirement and allowing us to exercise jurisdiction over the issue of past persecution. We will consider the merits of the asylum issue.

An applicant may establish eligibility for asylum based on past persecution or a well-founded fear of persecution. 8 U.S.C. § 1101(a)(42)(A). Guerra–Gonzalez alleges that the BIA erred in finding that he did not suffer past persecution or a well-founded fear of persecution. The BIA's factual determinations must be sustained unless "the evidence not only *supports* th[e contrary] conclusion, but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Among other things, Guerra–Gonzalez argues that the evidence showed he was followed home twice by unidentified men, received one anonymous threat, had difficulty finding a job after quitting his factory job, and had a verbal dispute with a security guard who threatened that "harm would come to [Guerra–Gonzalez]," when he returned to his former place of employment to demand money owed to him.

We have reviewed the record, but do not conclude that it warrants relief. Guerra–Gonzalez received the written threat in July, but continued to work in the factory until August; then he voluntarily quit, yet remained in Guatemala for six more months; and then he left his family in Guatemala where they could be easily located. The evidence presented does not compel the conclusion that Guerra–Gonzalez suffered persecution.

Finally, because the asylum standard is more lenient than the withholding standard, failure to establish eligibility for asylum forecloses eligibility for withholding of deportation. *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION DENIED.