**Jose Guadalupe RODRIGUEZ–PEREZ Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICES Respondent.**

No. 02–70653.

INS No. A93–322–546.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Jose Guadalupe Rodriguez–Perez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal of the Immigration Judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). Rodriguez–Perez argues that notwithstanding his ineligibility for cancellation of removal, we should reverse the BIA's decision and remand the case for consideration of an adjustment of status application. We deny the petition.

The government argues that we lack jurisdiction to consider Rodriguez–Perez's claim because he failed to exhaust his administrative remedies. We disagree. Although Rodriguez–Perez never moved the BIA to remand the case for consideration of an adjustment application, the BIA raised and decided the merits of that issue on its own. Therefore, we have jurisdiction to consider the same issue on appeal. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1186 (9th Cir.2001); *Ladha v. INS,* 215 F.3d 889, 901 n. 13 (9th Cir.2000); *Sagermark v. INS,* 767 F.2d 645, 648 (9th Cir. 1985).

The BIA properly refused to remand the case for adjustment of status under the Immigration and Nationality Act § 245(i). *See Chan v. Reno,* 113 F.3d 1068, 1071 (9th Cir.1997). Rodriguez–Perez failed to establish that he was prima facie eligible for the requested relief because he did not

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

present any evidence that he had an immigrant visa "immediately available" to him. *Id.*

DENIED.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.