Irina Andreevna **RYKOVA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 03–70272.

Agency No. A76–858–787.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2005.

Decided Sept. 20, 2005.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Irina Andreevna Rykova, Glendale, CA, pro se.

Richard A. Derevan, Michael S. McIntosh, Snell & Wilmer LLP, Costa Mesa, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC—District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Regina Byrd, Anthony P. Nicastro, Barry J. Pettinato, DOJ—U.S. Department of Justice, Washington, DC, Patricia M. Corrales–Talleda, DOJ—U.S. Department of Justice, Los Angeles, CA, for Respondent.

Before CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Irina Andreevna Rykova, a native and citizen of Belarus, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal on the ground that she lacked credibility. We grant the petition for review, vacate the BIA's decision, and remand for further proceedings.

We have jurisdiction to review Rykova's challenge to the adverse credibility finding notwithstanding the lack of specificity in her notice of appeal to the BIA. See 8 C.F.R. § 1003.3(b). Her appeal challenged by implication the adverse credibility finding upon which the IJ's decision was based. See Aguilera–Cota v. INS, 914 F.2d 1375, 1383 n. 8 (9th Cir.1990). Moreover, the BIA affirmed the IJ's credibility findings. See Salaam v. INS, 229 F.3d 1234, 1238 (9th Cir.2000) (treating BIA's comments on "implausibility" of testimony as an adverse credibility finding). Thus Rykova has exhausted her administrative remedies, and we have jurisdiction to review her petition. See Sagermark v. INS, 767 F.2d 645, 648 (9th Cir.1985) (describing the purposes of the administrative exhaustion requirement).

We conclude that the BIA erred in upholding the IJ's adverse credibility finding.[1] Substantial evidence does not sup-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review for substantial evidence the fac-

port the factual findings that underlie the IJ's adverse credibility determination. *See Salaam,* 229 F.3d at 1237–38. Among other deficiencies, record evidence does not support the IJ's speculation that: the murder of Rykova's son-in-law would have been reported in the newspapers; Rykova would not have told her friend about her daughter's recent rape without also telling him about her son-in-law's earlier murder; the police would not have searched Rykova's room without breaking down a door to search her husband's room at the same time; and that, in light of the other claims in her petition, Rykova should have feared for the safety of her daughter and grandchild who lived in the same apartment as her former husband. Because the adverse credibility finding is not supported by substantial evidence, Rykova's testimony is to be taken as credible. *See id.* at 1239.

Although the BIA ruled that Rykova had not sustained her burden of proof, that ruling was not explained by anything other than the adverse credibility finding. The BIA's decision did not address the question whether, if Rykova's testimony were credited, she would be eligible for asylum or withholding of removal. It is not appropriate for us to decide this issue when the BIA did not. *See INS v. Ventura,* 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). We therefore grant the petition for review, vacate the BIA's decision, and remand with instructions that the BIA accept Rykova's testimony as credible and on that basis determine whether she is eligible for asylum or withholding of removal, and whether asylum is to be granted as an exercise of discretion. *See Singh v. Ashcroft,* 362 F.3d 1164, 1172 (9th Cir.2004) (amended opinion).

**PETITION GRANTED; VACATED AND REMANDED WITH INSTRUCTIONS.**

---

tual findings that underlie an adverse credibility determination. *Salaam,* 229 F.3d at 1237–38. We review the IJ's decision when the BIA adopts the reasoning and conclusions of the IJ as its own. *Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995).

