**Roberto Efrain Yupanqui GOMEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76298.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed May 9, 2006.

Roberto Efrain Yupanqui Gomez, Los Angeles, CA, pro se.

Peter R. Afrasiabi, Esq., Turner Green Afrasiabi & Arledge, LLP, Costa Mesa, CA, for Petitioner.

CAC–District Counsel, Esq., Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Stephen R. Campbell, San Francisco, CA, Leslie McKay, Erica B. Miles, Esq., Washington, DC, for Respondent.

Thomas, Circuit Judge, filed opinion concurring in part and dissenting in part.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

## MEMORANDUM *

Roberto Yupanqui Gomez ("Gomez"), petitions for review of the Board of Immigration Appeals' ("BIA") decision, dismissing his appeal of the immigration judge's ("IJ") denial of his application for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We review the BIA's decision for substantial evidence and will reverse "only if the applicant shows that the evidence compels the conclusion that the asylum decision was incorrect." *Gu v. Gonzales,* 429 F.3d 1209, 1212–13 (9th Cir. 2005) (citations omitted). We deny the petition in part and grant it in part.

## I

■ Substantial evidence supports the BIA's conclusion that the petitioner was ineligible for asylum and withholding of removal because he assisted or otherwise participated in the persecution of others during his service with military intelligence in Peru. He had a high-ranking position and his duties, according to his asylum application, were to go into the field with fellow agents "and capture subversive elements, obtain information by any means and eliminate the element." The record is undisputed that, when he was working as a military intelligence officer, he communicated information about opponents of the government to his superiors. He also knew that the commander was using military intelligence to commit extra-judicial kidnappings and murders. He knew that the intelligence service "would have guerrillas kidnapped, tortured, and killed." He saw corpses of guerillas who had been killed. Although he states he did not participate in any killings personally, he was

fully aware of the actions of the military and the part that intelligence information played in the resulting acts of persecution. Given these facts the BIA found that

> as a member of the intelligence forces, [Gomez] assisted in the persecution of persons by infiltrating such places as factories, identifying persons thought to be subversive, and then passing such information to the military. The military detained and eventually killed these individuals. The respondent stated that he was a witness to their deaths. (Tr. at 30–31) The killings of these individuals constituted persecution on the basis of their political opinions.

Therefore, the BIA found Gomez "statutorily ineligible for asylum and withholding of removal."

We recently considered a similar issue in *Miranda Alvarado v. Gonzales,* 441 F.3d 750 (9th Cir.2006). There we denied a petition for review from an asylum seeker who had served as a translator for Peruvian military intelligence officers who were interrogating and torturing guerillas. We held that, although the translator did not personally torture anyone, "[h]is assistance and participation were in furtherance of the particular form of persecution that occurred." *Id.* at 763. Therefore, we concluded that substantial evidence supported the BIA's determination that the petitioner was statutorily ineligible for asylum and withholding of removal because he had "ordered, incited, assisted, or otherwise participated in" the persecution of any person on account of a protected ground. *Id.* at 759.

A similar result obtains here. Although we might reach another conclusion were we deciding the case in the first instance, substantial evidence supports the BIA's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conclusion that petitioner was ineligible for relief because his actions in providing intelligence to superiors while knowing that such intelligence was being used to commit acts of persecution constituted assistance of persecution within the meaning of the statute.

## II

■ The BIA erred in denying petitioners' request for relief under the CAT. The BIA denied Gomez's claim based on an implicit finding that he had not demonstrated that he feared torture at the hands of the Peruvian government or "at the instigation of or with the consent or acquiescence of a public official." The evidence compels the opposite finding. Gomez credibly testified that other intelligence agents who had testified about the actions of the Peruvian military in torturing guerillas had been tortured and killed. Because the BIA erred in this assessment, we must grant the petition as to the CAT claim and remand to the BIA for its consideration of deferral of removal under the CAT.[1]

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED**

THOMAS, Circuit Judge, concurring in part and dissenting in part.

I concur in the remand to the BIA to consider deferral of removal under the CAT. I respectfully disagree with the majority's conclusion that the petitioner was statutorily ineligible for asylum and withholding of removal. Unlike the circumstances involved in *Miranda Alvarado*, the record does not support the conclusion that any of the information obtained by the petitioner directly resulted in the persecution of others. Thus, I would grant the petition for review on the asylum and withholding of removal claims, as well as the CAT claim.

---

1. The government argues that Gomez failed to exhaust his administrative remedies with respect to his CAT claim because he failed to mention his CAT claim in his appeal to the BIA. However, the BIA specifically addressed the claim. Therefore, we have jurisdiction to consider it. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1186 (9th Cir.2001) (en banc); *Sagermark v. INS*, 767 F.2d 645, 648 (9th Cir. 1985).

