Khalid Me AL–MOUSA, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–70638.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Sept. 22, 2008.

Rawlinson, Circuit Judge, filed dissenting
opinion.

Robert Bradford Jobe, Esquire, Law Of-
fices of Robert B. Jobe, San Francisco,
CA, for Petitioner.

David V. Bernal, Esquire, Colette J.
Winston, Esquire, Jennifer Parker Lev-
ings, Senior Litigation Counsel, DOJ—

U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, CANBY, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Khalid Al–Mousa, native of Sudan and citizen of Saudi Arabia, petitions for review of the Board of Immigration Appeals ("BIA") decision dismissing the appeal from the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture. Al–Mousa asserted past persecution and a fear of future persecution in Saudi Arabia on account of his ethnicity or dark skin color. The BIA affirmed the IJ's findings that Al–Mousa's asylum application was time-barred, and that he failed to establish a credible claim for relief. Al–Mousa appeals.

■ We lack jurisdiction to review whether Al–Mousa is excepted from timely asylum filing requirements on the basis of his status as a minor because he failed to raise this argument in the asylum application itself, before the IJ, or in his pro se BIA appeal.[1] When a petitioner fails to exhaust his claim, the issue is waived. *See* 8 U.S.C. § 1252(d); *see also Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). The BIA has not been afforded the opportunity to address the issue thoroughly "enough to convince us that the relevant policy concerns underlying the exhaustion requirement—that an administrative agency should have a full opportunity to resolve a controversy or correct its own errors before judicial intervention—have been satisfied here." *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir.2005)(*en banc*) (quoting *Sagermark v. INS*, 767 F.2d 645, 648 (9th Cir.1985)).

■ We now consider Al–Mousa's petitions for withholding of removal and relief under the Convention Against Torture. We conclude that the IJ's adverse credibility determination, which relies on minor errors or omissions and minor inconsistencies between the asylum application and testimony, is unsupported by substantial evidence. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004).

The IJ found that Al–Mousa "admitted" that a portion of his original declaration was false. However, before his testimony, Al–Mousa *corrected* his declaration, explaining that the attorney who drafted his original statement probably misunderstood him because that attorney spoke a different dialect of Arabic. *See, e.g. He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003) (unreliable translation can undermine evidence on which an adverse credibility determination is based). Al–Mousa further explained that he was unable to read, and thus unable to check the declaration for accuracy. While detained, Al–Mousa had the statement, which was written in English, read to him in Arabic by a fellow detainee. Noticing the mistranslation, Al–Mousa corrected the declaration to reflect that he had not spoken out about his father's death outside of the family. He then testified consistently with the corrected statement.[2]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The record indicates that Al–Mousa was over the age of twenty-one at the time of his merits hearing before the IJ and his appeal to the BIA.

Al–Mousa was not confronted with, and thus was denied a reasonable opportunity to explain, any perceived inconsistency between his original declaration and his testimony concerning how he identified an officer he was alleged to have assaulted. *See, e.g., Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004). The record reveals that Al–Mousa had communication difficulty with the attorney who drafted his original declaration and that Al–Mousa consistently testified that he learned the officer's identity from reading his badge, not from previous encounters.

Al–Mousa also plausibly explained an immaterial inconsistency concerning whether the sum paid to the allegedly assaulted officer in order to be released was a bond payment or a damages payment: Al–Mousa's father's friend paid the sum and then–18–year–old Al–Mousa was not privy to the details of the arrangement. Similarly, Al–Mousa also explained an inconsistency concerning whether he was arrested at his home or his grandmother's home: Al–Mousa's father had two houses, and while his grandmother lived in one, he referred to them both as his home. *See Garrovillas v. I.N.S.,* 156 F.3d 1010, 1014 (9th Cir.1998). Finally, the fact that Al–Mousa did not mention his broken nose in his original declaration is an omitted detail "insufficient to uphold an adverse credibility finding." *Bandari v. I.N.S.,* 227 F.3d 1160, 1167 (9th Cir.2000).

■ The IJ credited Al–Mousa's testimony that he will face 400 lashes if returned to Saudi Arabia, but concluded that such a punishment does not constitute torture. We disagree. We conclude, in light of Al–Mousa's credible testimony and the documentary evidence in the record establishing the clear probability that Al–Mousa will be persecuted and tortured if returned to Saudi Arabia, that he is entitled to withholding of removal. *See* 8 U.S.C. § 1253(h)(1); *I.N.S. v. Cardoza–Fonseca,* 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). We further necessarily conclude that Al–Mousa is entitled to withholding of removal under Article 3 of the Convention Against Torture. Accordingly, we grant Al–Mousa's petition for review and remand to the BIA for further proceedings consistent with our disposition.

Our disposition of the withholding issues makes it unnecessary to address Al–Mousa's alternative request for voluntary departure.

**PETITION FOR REVIEW GRANTED.**

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent from the conclusion by the majority that the adverse credibility determination made by the Immigration Judge (IJ) was unsupported by substantial evidence.

Our parameter in this situation is clear: we must uphold an adverse credibility determination unless the record evidence *compels* a contrary conclusion. *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir. 2006). "A single supported ground for an adverse credibility finding is sufficient if it relates to the basis for petitioner's alleged fear of persecution and goes to the heart of the claim." *Id.* at 1108 (citation, internal quotation marks and alteration omitted). With this standard in mind and even

---

**2.** Contrary to the assertion of the dissent, the IJ's "factfinding function" does not "quintessential[ly]" include the ability to make an adverse credibility finding on the basis of a seeming inconsistency readily explained by difficulty in interpretation in a case, as here, where there is a language barrier. *See Singh v. INS,* 292 F.3d 1017, 1021–23 (9th Cir.2002)

assuming that no other basis to support the adverse credibility determination exists, the IJ's reliance on the dramatic change in Al–Mousa's declaration adequately supports the adverse credibility determination.

Khalid Al–Mousa's original declaration, signed February 18, 2004, related that after Saudi Arabian officials caused his father's death and were not punished severely, he "began to speak out about [his] father's death and how his race led to his killing." As a result of his speaking out, Al–Mousa declared that "[t]he Saudi Police targeted [him] with beatings, whippings, and false imprisonment to scare [him] into stopping. During these events, the police would scream "nigger," "slave" or "bastard."

In his amended declaration signed September 26, 2005, the day of his hearing, Al–Mousa disavowed the specific and detailed assertions of persecution made in his earlier declaration. Rather than a mere correction to the declaration, Al–Mousa admitted that he "was only 10 when [his] father died and did not know any details about his death until [he] was 17. [He] did not speak out about [his] father's death to people outside my father [sic] except for one time. The Saudi police did not target [him] for any beatings because of his father's death."

Al–Mousa explained his recantation by blaming his attorney for "probably" misunderstanding him. However, the IJ was not compelled to accept Al–Mousa's explanation. This is a quintessential factfinding function that should not be hijacked on appellate review. *See e.g., Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir.2007) (acknowledging that the IJ found the petitioner's explanations insufficient). The majority seeks to minimize its disregard of the IJ's finding by concluding that the inconsistency is "readily explained by diffi-

culty in interpretation in a case, as here, where there is a language barrier." Majority Disposition, page 279 n. 2. However, that is precisely my point. The IJ was not compelled to accept that explanation and the majority cannot substitute its acceptance of that explanation as a basis for granting the petition. *See Singh,* 439 F.3d at 1105 (reflecting our obligation to uphold an adverse credibility determination unless compelled to do otherwise by the record evidence).

As the IJ noted, Al–Mousa produced absolutely no evidence that the attorney misunderstood him to the extent of the detailed statements included in the declaration, that Al–Mousa complained to the bar association or that Al–Mousa made any effort to obtain a statement from the attorney confirming the misunderstanding. In view of these sound reasons for rejecting Al–Mousa's weak explanation, I cannot see how a contrary conclusion is compelled.

The majority's citation to *He v. Ashcroft,* 328 F.3d 593 (9th Cir.2003) is easily discounted. In *He,* there were contemporaneously documented translation difficulties verified in the record. *See id.* at 596–97. In this case, we only have the Petitioner's after-the-fact assertion that his attorney "probably" misunderstood him. The circumstances are patently different.

Finally, I dissent from the majority's unsupported conclusion that Al–Mousa is entitled to relief under the Convention Against Torture (CAT). Without citation to any supporting authority, the majority holds that the criminal punishment that accompanied Al–Mousa's conviction for assault and battery constitutes torture. Indeed, the regulation defining torture is to the contrary. *See* 8 C.F.R. § 208.18(a)(3) ("Torture does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions. Lawful sanc-

tions include judicially imposed sanctions and other enforcement actions authorized by law, including the death penalty ...”).

Because I conclude that the adverse credibility determination is supported by substantial evidence, and because punishment imposed as a result of a criminal violation does not constitute torture under the CAT in this case, I would deny the petition.

Tashima, Circuit Judge, filed a dissenting opinion.