NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDY YANORIS ORTIZ-HERRERA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1660

Agency No.
A208-739-951

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, Chief District
Judge.[***]

Petitioner Sandy Yanoris Ortiz-Herrera ("Ortiz-Herrera") petitions our Court

to vacate the Board of Immigration Appeals' ("BIA") affirmance of the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Morris, United States Chief District Judge
for the District of Montana, sitting by designation.

Judge's ("IJ") denial of asylum and withholding of removal based on her ability to reasonably and safely relocate within Honduras, and remand to the BIA for further proceedings. The parties are familiar with the relevant underlying facts, so we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252 and remand to the BIA for further proceedings consistent with this decision.

1. Ortiz-Herrera's challenge to the IJ's internal relocation determination was exhausted to the BIA. Typically, a petitioner waives any issues not "raised and argued in his brief" to the BIA. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). Where, however, the BIA adopts the IJ's reasoning on an issue by citation to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) despite the petitioner having not raised the issue in his brief, that issue is considered exhausted and not waived. *Abebe v. Gonzalez*, 432 F.3d 1037, 1040–41 (9th Cir. 2005). Here, Ortiz-Herrera did not raise the IJ's internal relocation determination in her brief to the BIA. The BIA did, however, expressly affirm and adopt the IJ's reasoning on that issue. The internal relocation issue was therefore exhausted to the BIA despite the fact Ortiz-Herrera did not "raise[] and argue[]" it in her brief, *Mukasey*, 554 F.3d at 1208, because the BIA had "a full opportunity to . . . correct its own errors before judicial intervention." *Abebe*, 432 F.3d at 1041 (quoting *Sagermark v. INS*, 767 F.2d 645, 648 (9th Cir. 1985)). We will accordingly review the BIA's internal relocation determination.

25-1660

2. We remand to the BIA to correctly apply the burden of proof applicable to internal relocation determinations when a petitioner has established past persecution. When an "applicant has established persecution in the past, it shall be presumed that internal relocation would not be reasonable, unless the [Government] establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3)(ii) (July 2019).[1] The IJ identified this standard properly, determining that "the Government has met its burden with regard to relocation." The BIA cited to *Matter of Burbano*, which would ordinarily indicate that it agreed with the burden of proof the IJ had applied. But the BIA continued, stating that it "agree[d] with the conclusion *the respondent did not show she would be unable to* . . . relocat[e] to another part of that country and that, under all the circumstances, it would be reasonable to expect her to do so." Here, the BIA shifted the burden of proof from the Government to the Petitioner. We remand to the BIA to reassess the IJ's internal relocation determination, imposing the burden of proof on the Government rather than Petitioner. *See, e.g., Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (remanding to BIA to

---

[1] Later amendments to the regulation, which placed the burden on the Petitioner rather than the Government where the persecutor is a private party, were enjoined by the district court in *Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 512 F. Supp. 3d 966 (N.D. Cal 2021). "[T]hus the version immediately preceding the enjoined amendment[s]—is currently effective." *De Souza Silva v. Bondi*, 139 F.4th 1137, 1145 (9th Cir. 2025) (citation omitted).

reconsider a claim after having applied an improper standard in the first instance).

3. The BIA need only reach other issues on remand if, applying the proper burden of proof, it reverses the IJ's internal relocation determination. Otherwise, reaching those issues would be unnecessary because "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

**GRANTED in part and REMANDED.**[2]

---

[2] Petitioner's motion to stay removal (Dkt. No. 3) is granted.