CONLON, District Judge,
dissenting.
We lack jurisdiction to review the immigration judge’s determination that Sheikh’s conviction under California Penal Code § 485 constituted a crime of moral turpitude under 8 U.S.C. § 1227(a)(2). Sheikh did not challenge the moral turpitude finding in his appeal to the Board of Immigration Appeals. Rather, he acknowledged in his BIA notice of appeal that he had been convicted of a crime of moral turpitude. Because the moral turpitude issue is administratively unexhausted, we are without jurisdiction to address it. See Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir.2004).
Our jurisdiction is statutorily limited to the review of issues exhausted before the BIA. 8 U.S.C. § 1252(d)(1). The purpose of the exhaustion requirement is to give the administrative agency “a full opportunity to resolve a controversy or correct its own errors before judicial intervention.” *701 Sagermark v. INS, 767 F.2d 645, 648 (9th Cir.1985). In order to satisfy the exhaustion requirement, a petitioner must put the BIA on notice of the specific issue, so the BIA has an opportunity to address it. Figueroa v. Mukasey, 543 F.3d 487, 492 (9th Cir.2008).
Sheikh’s BIA notice of appeal identified only one alleged error by the immigration judge: the calculation of his continuous physical presence in the United States. The notice of appeal stated, “although Mr. Sheikh committed a crime of moral turpitude in 1988, his continuous physical presence in the United States began to accrue anew after that event.” (emphasis added). He explicitly conceded that his conviction under § 485 constituted a crime of moral turpitude.
Sheikh could still have exhausted his administrative remedies by challenging the moral turpitude finding in his BIA brief. See Zhang v. Ashcroft, 388 F.3d 713, 721 (9th Cir.2004) (per curiam). But he did not do so. In a comprehensive 17-page brief, Sheikh’s counsel presented thorough, well-supported arguments on several issues: (1) the application of the “stop-time” rule with respect to his continuous physical presence in the United States; (2) the legal effect of his advance parole status; and (3) the immigration judge’s treatment of the petty offense exception in 8 U.S.C. § 1182(a)(2)(A)(ii). His BIA brief simply did not challenge the immigration judge’s conclusion that a conviction under § 485 was a crime of moral turpitude.
Given the concession in his notice of appeal that he was convicted of a crime of moral turpitude and the absence of any contrary argument in his BIA brief, Sheikh cannot be deemed to have administratively exhausted a challenge to the immigration judge’s moral turpitude finding. When a petitioner files a BIA brief, “the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed.” Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir.2009) (en banc). Sheikh exhausted only the issues he raised and argued in his BIA brief. Id. Because he did not provide the BIA with fair notice of the moral turpitude issue, the BIA was deprived of an opportunity to review it. Whether or not Sheikh’s claim that the immigration judge erred is meritorious, he failed to exhaust BIA remedies. We are therefore deprived of jurisdiction to review the immigration judge’s moral turpitude finding. See 8 U.S.C. § 1252(d)(1); Abebe, 554 F.3d at 1208; Zara v. Ashcroft, 383 F.3d 927, 930-31 (9th Cir.2004); Barron, 358 F.3d at 677.
Nonetheless, the majority concludes that we may exercise jurisdiction because Sheikh is merely presenting a new argument to this court in support of an issue he presented to the BIA. It is true that a petitioner need not have raised the same precise argument before the BIA as long as he identified the issue forming the basis of his appeal. See Vizcarra-Ayala v. Mukasey, 514 F.3d 870, 873 (9th Cir.2008); Zhang v. INS, 388 F.3d 713, 721 (9th Cir.2004). But the majority’s application of this principle is not supported by the record. Sheikh unambiguously conceded in his BIA notice of appeal that he was convicted of a crime of moral turpitude. The issues raised in Sheikh’s BIA brief were predicated on this concession. He maintained that 8 U.S.C. § 1229b(d)(l) did not prohibit his “continuous physical presence” clock from restarting after his moral turpitude conviction. Sheikh further argued the immigration judge erred in finding him ineligible for the petty offense exception; this statutory exception only comes into play if an alien has been convicted of a crime of moral turpitude. See 8 U.S.C. § 1182(a)(2)(A)(ii). Only now, in his petition to this court, does Sheikh argue that the immigration judge erred in classifying his § 485 conviction as morally *702 turpitudinous. Sheikh is not presenting a new argument in support of an issue raised before the BIA; he is raising an entirely new issue.
Because the majority reviews a moral turpitude issue not properly before the court, I respectfully dissent.